## CLIFTON v NORFOLK & WEST RY CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4674.   Decided Jan 21, 1935

Julius R. Samuels, Cincinnati, for plaintiff in error.

Ralph E. Clark, Cincinnati, for defendant in error.

**OPINION**

By ROSS, J.

Upon these facts the trial judge held the plaintiff in error guilty of contributory negligence as a matter of law.

The plaintiff in error was confronted with a sudden emergency. At least two courses were open to him, leap from the car or try to make it move out of the area of danger by its own power. His judgment prompted him to the latter course. Can it be said that such error of judgment amounted as a matter of law to contributory negligence? This court has held that an error in judgment is not synonymous with negligence. **Salee v Cincinnati St. Ry. Co., 38 Oh Ap, 450.**

In 29 O. Jur., §35, at page 424, it is stated:

"The general rule is that one who in a sudden emergency acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence. An emergency, however, does not change the requirement of ordinary care. A person confronted with a sudden emergency is required to use only that degree of care which an ordinarily prudent person would exercise under the same or similar circumstances. In other words, he is not held to the exercise of such good judgment as might be required where opportunity existed for reflection and choice of action. In cases of emergency, one is not held to a nicety and delicacy of judgment. The circumstances of the emergency and the apparent danger must be taken into consideration in determining the question of the exercise of ordinary care, or the question of contributory negligence. There is an ex post facto wisdom, which, after everything has been done without success, can suggest that something else should have been attempted, but this is a sagacity much more astute than ordinary human foresight, and can hardly furnish a fair rule by which to determine the propriety of what has been done in good faith, and with judgment exercised under the best light afforded."

In the same volume of Ohio Jur. it is stated at pages 567, 568 and 569, §109:

"When a person, without fault on his part, is placed in a situation of danger, he is not to be held to the exercise of the same care and circumspection that prudent persons would exercise where no danger is present; nor can it be said that, as matter of law, he is guilty of contributory negligence because he fails to make the most judicious choice between hazards presented, or would have escaped injury if he had chosen differently. The question in such case is not what a careful person would do under ordinary circumstances, but what would he be likely to do, or might reasonably be expected to do, in the presence of such existing peril. It has often been held by courts that when a person suddenly finds himself in a position of imminent peril or danger, he cannot be held to a strict account as to the course of conduct to be by him pursued to avoid injury. He is not held to nicety and delicacy of judgment. He may have pursued the wrong course, determined after the end of the misfortune. His conduct is not to be viewed by looking backward in order to determine the question whether he exercised ordinary care, but by looking forward, when the circumstances were unforseen and the result unknown. Errors in judgment on the part of a plaintiff, in trying to escape imminent danger brought about by the defendant's negligence, do not constitute contributory negligence, if the acts done were such as ordinarily prudent persons might have been expected to do under like circumstances, even though the injury would not have happened if the acts had not been done. A person confronted with a sudden emergency is required to use only that degree of care which an ordinarily prudent person would exercise under the same or similar circumstances. In accordance with these principles, where a passenger, to avoid impending danger, attempts to leave the car in which he is riding, believing, upon reasonable grounds, that by so doing he will

escape injury, and while in the act of leaving is injured through the railroad's negligence, he is not chargeable with contributory negligence, although, had he made no attempt to leave the car, the injury would not have happened."

The Ohio cases noted amply support the text.

Whether or not after carefully looking up and down the track and ascertaining that nothing was in sight, the plaintiff in error was negligent in backing his automobile too close to the track, presents a question which only a jury can properly decide.

It is our conclusion, therefore, that the court was in error in taking the case from the jury, and that the several questions of fact involving the exercise of care by the plaintiff in error should have been submitted to the jury.

The judgment is reversed and the cause is remanded to the Court of Common Pleas for a new trial.

HAMILTON, PJ, concurs.